

FILED
DEC 20 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| LEO JOSEPH JACKSON | * | CIV 11-3001-RAL |
| Petitioner, | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING MOTION TO |
| DOUGLAS WEBER, Warden of the | * | DISMISS PETITION UNDER 28 |
| South Dakota State Penitentiary, and | * | U.S.C. § 2254 FOR WRIT OF |
| MARTY JACKLEY, Attorney General | * | HABEAS CORPUS |
| of the State of South Dakota | * | |
| Respondents. | * | |

## I. INTRODUCTION

Respondents, Douglas Weber, Warden of the South Dakota State Penitentiary, and Marty Jackley, Attorney General of the State of South Dakota, filed a motion to dismiss pro se Petitioner Leo Joseph Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 11. Jackson filed a response to Respondents' Motion to Dismiss. Doc. 14. For the reasons explained below, Respondents' Motion to Dismiss is granted.

## II. PROCEDURAL BACKGROUND

Judge James W. Anderson of the Sixth Judicial Circuit of the State of South Dakota entered a Judgment of Conviction and Sentence against Jackson for Sexual Contact with a Child Under Age 16 and for Third Degree Rape on July 25, 2006. Doc. 12-1. Johnson had pleaded guilty to those crimes as part of a plea agreement whereby the charge of Criminal Pedophilia, a crime punishable with up to life in prison and with a mandatory minimum of twenty-five years, was dismissed. Doc. 12-5. Jackson was ordered to serve fifteen years on each count consecutively, the maximum custodial sentenced allowed by South Dakota law, and received credit for time served. Id. An Amended Judgment of Conviction filed on July 31, 2006,

maintained the same sentence. Doc. 12-2. Jackson did not file a direct appeal after his conviction and sentence.

On March 2, 2007, Jackson wrote a letter to Judge Anderson requesting a reduction of sentence. Doc. 12-3. On July 30, 2007, Jackson, through counsel, filed a formal Motion Requesting Reduction of Sentence. Doc. 12-4. On August 10, 2007, Judge Anderson denied the motion for sentence reduction. Doc. 12-6. On January 14, 2008, Jackson again wrote to Judge Anderson seeking a reduction in sentence. Doc. 12-7. On January 17, 2008, Judge Anderson responded to Jackson's letter stating that he did not intend to reduce Jackson's sentence. Doc. 12-8. On March 16, 2008, Jackson again wrote a letter seeking a reduction in sentence. Doc. 12-9. Judge John L. Brown, then a new circuit judge for the Sixth Judicial Circuit, received the letter and responded by declining to reconsider the sentence on March 21, 2008. Doc. 12-10.

On August 28, 2008, Jackson filed an Application for Writ of Habeas Corpus in the Sixth Judicial Circuit. Doc. 12-11. Judge Brown held a court trial and then issued an Order Denying Petitioner's Application for Writ of Habeas Corpus and Quashing Provisional Writ of Habeas Corpus on February 26, 2010. Doc. 12-14. On March 11, 2010, Jackson received an Order Granting Certificate of Probable Cause. Doc. 12-16. Jackson appealed the Sixth Circuit's determination, and on October 12, 2010, the South Dakota Supreme Court issued an Order Directing Issuance of Judgment of Affirmance, finding that the appeal was without merit. Doc. 12-18. Jackson then filed his federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, on January 10, 2011. Doc. 1.

## III. DISCUSSION

Jackson's Amended Judgment of Conviction was filed on August 30, 2006. Under South Dakota law, "[a]n appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed." South Dakota Codified Laws ("SDCL") § 23A-32-15. "Under [28 U.S.C.] § 2244(d)(1)(A), a person in state custody has one year from the date the state court judgment becomes final to file an application for habeas corpus." McMullan v. Roper, 599 F.3d 849, 851 (8th Cir. 2010) (citing Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008)). Under the statute, the limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Jackson did not seek review of his conviction or sentence in the Supreme Court of South Dakota and thus his conviction and sentence became final for the purposes of § 2244(d)(1)(A) no later than August 30, 2006, and the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations began to run on August 30, 2006. See San Martin v. McNeil, 633 F.3d 1257, 1265-67 (8th Cir. 2011); Nelson v. Norris, 618 F.3d 886, 891-93 (8th Cir. 2010); McMullan, 599 F.3d at 851-53 (citing Boston, 525 F.3d at 624; Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008)). Jackson's federal petition for habeas corpus was filed on January 10, 2011, 1,549 days after his conviction became final. However, Jackson filed several requests for a reduction of sentence and a state habeas petition that tolled the statute of limitations.

Under AEDPA, "[t]he one-year statute of limitations is tolled in accordance with § 2242(d)(2) while a 'properly filed application for State post-conviction or other collateral review . . . is pending." McMullan, 599 F.3d at 852 (citing Williams v. Bruton, 299 F.3d 981, 982 (8th

Cir. 2002)). "To qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitations under § 2244(d)(2), the application must be 'in compliance with the applicable laws and rules governing filings.'" Id. at 853 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "A properly filed application is one that meets all of the state's procedural requirements." Id. (quoting Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir. 2002)).

A motion to reconsider sentence is part of the collateral procedure available to Jackson under state law and therefore triggers AEDPA's tolling provision. Wall v. Kholi, 131 S.Ct. 1278, 1286-87 (2011) (finding a motion to reduce sentence collateral, as allowed under Rhode Island law). The South Dakota statute authorizing a defendant to seek a reduction of sentence does not provide a clear procedural requirement. The Respondents contest whether the letters written by Jackson are enough to toll the statute of limitations. The Court need not decide the issue of whether the letters written by Jackson sufficiently followed state procedural requirements because Jackson's filing is beyond AEDPA's statute of limitations even if the pendency of the letter requests for reduced sentence tolls the statute. Therefore, for purposes of determining the AEDPA statute of limitations and consistent with authority in the District of South Dakota, this Court considers Jackson's letters as well as his motion to reduce sentence as tolling the AEDPA statute of limitations. SDCL § 23A-31-1; see also Joyner v. Dooley, No. 11-5047-JLV, 2011 WL 8194280, at *7 (D.S.D. Nov. 9, 2011) report and recommendation adopted as modified, No. 11-5047-JLV, 2012 WL 2787154 (D.S.D. July 9, 2012) (finding a letter from the defendant seeking a reduction in sentence adequate to toll the AEDPA statute of limitations).

The statute of limitations was tolled from March 2, 2007, when Jackson wrote a letter to Judge Anderson requesting a reduction of sentence, until August 10, 2007, when Judge Anderson

denied the motion for sentence reduction. The statute of limitations was again tolled from January 14, 2008, when Jackson again wrote seeking a reduction in sentence, until January 17, 2008, when Judge Anderson responded by declining to reduce sentence. The statute of limitations was again tolled from March 16, 2008, when Jackson again wrote a letter seeking a reduction in sentence, until March 21, 2008 when Judge Brown declined to reconsider the sentence. Jackson's state habeas corpus petition also tolled the AEDPA statute of limitations. Jackson filed his petition on August 28, 2008, the South Dakota Supreme Court made a final determination on October 12, 2010. The AEDPA statute of limitations began to run again on October 12, 2010, and ran until January 10, 2011, when the present petition was filed.

The Court calculates the total number of days that has run on Jackson's AEDPA limitations period to include 184 days between August 30, 2006 and March 2, 2007; 157 days between August 20, 2007 and January 14, 2008; 59 days between January 17, 2008 and March 16, 2008; 160 days between March 21, 2008 and August 28, 2008; and 90 days between October 12, 2010 and January 10, 2011. The total number of days between when Jackson's conviction became final and when he filed his federal habeas petition, not including the days when the AEDPA statute of limitations was tolled, is 650 days. This is well outside of the one year allowed to file a petition for federal habeas corpus under AEDPA.

In Jackson's Response to Motion to Dismiss Petitioner's Application for Writ of Habeas Corpus, Jackson appears to make a claim that equitable tolling occurred in this case. Doc. 14. A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin, 633 F.3d at 1267 (quoting Holland v. Florida, 130 S. Ct. 2549, 2562

(2010)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Id. (quoting Holland, 130 S. Ct. at 2565); see also Walker v. Norris, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (holding that because federal habeas petitions are "fill-in-the-blanks" forms designed for prisoners to complete without assistance of counsel, inmate's failure to properly file pro se habeas petition on time constituted a "lack of diligence, not extraordinary circumstances"). For the "extraordinary circumstance" prong, the Eighth Circuit "require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267. A district court also may consider an untimely § 2254 petition when refusal to consider the petition for untimeliness would result in a "fundamental miscarriage of justice" because it would require an actually innocent individual to remain imprisoned. Id. at 1267-68. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Id. at 1268.

Jackson has not satisfied his burden of proving circumstances justifying the application of equitable tolling because he has demonstrated neither diligent pursuit of his rights nor extraordinary circumstances preventing a timely filing. Jackson alleges that he failed to file an appeal of judgment because his trial attorney encouraged him to avoid an appeal in lieu of a motion to reduce sentence. Jackson's theory is that had he appealed his conviction, the one-year statute of limitations in AEDPA would not have run before he filed his federal habeas corpus petition. Although Jackson has no legal training and may have relied on the advice of counsel in not filing a state appeal after his sentencing, the choice to not appeal a conviction and sentence after a plea of guilty on the advice of counsel does not amount to extraordinary circumstances.

6

In addition, Jackson has not demonstrated that he was unable to file a federal habeas corpus petition after he was first denied a reduction in sentence but before the AEDPA statute of limitations had run. Thus, Jackson has not shown any causal connection between advice of trial counsel and his late filing. Finally, Jackson has not demonstrated that a fundamental miscarriage of justice would result from dismissal of his petition for untimeliness. Jackson pleaded guilty to two offenses and a third was dismissed due to the plea agreement. Although Jackson apparently miscalculated the chance of a reduction of sentence, his choice to plead guilty and then his subsequent sentence at the statutory maximum does not establish a fundamental miscarriage of justice.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Respondents' Motion to Dismiss Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc.11) is granted.

Dated December 20th, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE